UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

BRANDON EPPERSON,

    Plaintiff,                                       CASE NO.

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.
_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, BRANDON EPPERSON ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Sebring, Highlands County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Dallas, Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around September 2011, Defendant began placing collection calls to Plaintiff seeking and demanding payment for an alleged debt originally owed to Bank of America for a credit card.

10. Defendant placed collection calls to Plaintiff's home at 863-658-1456 and work at 863-382-2020. Defendant's employee, Donna Tanner, placed collection calls to Plaintiff from unknown numbers but left a call back number of 1-800-214-7850.

11. Defendant made an offensive remark to Plaintiff by calling the Plaintiff "trash" during one of its collection attempts when Plaintiff explained that he was currently unable to pay Defendant. Specifically, Defendant said "I deal with trash like you from Florida all of the time."

12.     Defendant disclosed to Plaintiff's mother, Lacey Adkins, that Plaintiff owes a debt to Bank of America for a credit card and told Ms. Adkins that Defendant will start garnishing his wages if she does not help him pay Defendant.

13.     On September 26, 2011, Defendant placed a collection call to Plaintiff at Plaintiff's place of employment, (863-382-2020), which is a doctor's office.  Plaintiff informed the Defendant not to call his place of employment and hung up the phone.

14.     Defendant immediately placed a second call to Plaintiff's place of employment and purposefully mislead the receptionist, Mimi Rodriguez, by telling Ms. Rodriguez that the Defendant was an "patient" who needed to speak with Brandon's supervisor because she had issues with Brandon.

15.     Plaintiff knew it was the Defendant's employee because he heard the receptionist say the name of the alleged "patient" was Donna Tanner. The receptionist transferred the call from Defendant through to Plaintiff's co-manager, Traci Smith.

16.     Speaking with Plaintiff's co-manager, Defendant's employee identified herself as Donna Tanner and stated that she was a debt collector with Commercial Recovery Systems. Defendant proceeded to inquired about Plaintiff's employment and stated that someone was going to come to Plaintiff's place of employment in one to two days to discuss wage garnishment as a result of the allege debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

a) Defendant violated §1692c(a)(3) of the FDCPA by placing collection calls to Plaintiff's place of employment after being notified to not to call Plaintiff's place of employment again.

b) Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's mother and co-manager in connection with the collection of Plaintiff's debt.

b) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

c) Defendant violated §1692d(2) of the FDCPA by using abusive language when speaking to Plaintiff by stating Plaintiff is "trash".

d) Defendant violated §1692e of the FDCPA by engaging in false, deceptive, or misleading representation in connection with the debt collection.

e) Defendant violated §1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages if he did not pay.

f) Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by pretending to be an irate patient when calling Plaintiff's place of employment.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

19. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By:  /s/ Shireen Hormozdi
 Shireen Hormozdi
 Krohn & Moss, Ltd
 10474 Santa Monica Blvd., Suite 401
 Los Angeles, CA 90025
 Phone:  (323) 988-2400 ext. 267
 Fax:    (866) 802-0021
 Attorney for Plaintiff
 FBN: 0882461

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRANDON EPPERSON, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)
COUNTY OF HIGHLANDS)

Plaintiff, BRANDON EPPERSON, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, BRANDON EPPERSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/27/11

_____
BRANDON EPPERSON
Plaintiff